# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROCHA, | ) |
|       Plaintiff, | ) ) ) |
| vs. | )   CIVIL NO. 08-cv-349-MJR ) |
| PINCKNEYVILLE MEDICAL STAFF, et al., | ) ) ) |
|       Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Luis Rocha, currently an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal.

In January 2007, while in the Pinckneyville Correctional Center, Rocha broke his arm during a fight with his cell mate. The essence of his claim is that medical staff did not provide him with sufficient pain medication following this injury. He also is upset that he was not allowed to press charges against the inmate who caused this injury. As compensation, he asks the Court to reduce his current sentence to nine years, then to serve just 85% of that time.

The first stumbling block with this action is that Rocha has not named a single individual defendant. Instead, he generically refers to the medical staff at Pinckneyville, which is tantamount to naming unknown defendants. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). As pleaded, Rocha has not stated a claim against any specific individual.

A bigger stumbling block is the relief he seeks. As stated above, he asks only for a reduction in his sentence, but that form of relief is not available in a civil rights action. The only way for Rocha to have his sentence shortened is through habeas corpus, but only after he has exhausted his

state court remedies with respect to his underlying conviction.[1]  Put simply, Rocha is not entitled to get out of prison early simply because he did not receive enough pain medication for his broken arm.

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Rocha is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2009.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**

---

[1]  The Court notes that Rocha currently has a habeas corpus action pending in this District.  *See Rocha v. Hulick*, Case No 08-cv-860-JPG (S.D. Ill., filed Dec. 8, 2008).